**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM C. MILLER for himself and others similarly situated, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>GENEVA LONE HILL, BRET A. CRANDALL; RAYCEN RAINES, III; JOHN DOE #1; and JOHN DOE #2, :<br>:<br>Defendants. | Civil Action No. 2:21-cv-00338-NIQA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL** |

## I.  PRELIMINARY STATEMENT

Plaintiff's motion (ECF No. 22) should be denied because Plaintiff's counsel failed to confer *at all* with Defendants' counsel before filing this motion, in violation of Federal Rule 37(a)(2)(A), in violation of Local Rule 26.1(f), and in violation of professional norms of courtesy and civility.  Worse, Plaintiff's counsel falsely certified to the Court that he complied with these meet-and-confer requirements.

Alternatively, Plaintiff's motion should be denied because it is meritless; it is nothing more than an impermissible attempt to re-litigate Plaintiff's July 3, 2021 motion to compel, which the Court already resolved in its August 4, 2021 Order (ECF No. 20) (the "Order"). Defendants, in accordance with the Order, duly answered and verified Plaintiff's May 3, 2020 interrogatories "to the extent the information sought is within their knowledge"—in some cases responding that "the information requested is not within Defendants' personal knowledge."  That Plaintiff does not like these verified answers is not a legitimate basis for filing a motion to compel, and neither is Plaintiff's unfounded speculation that Defendants "must know" the answers.

## II.     BACKGROUND

Plaintiff filed this putative class-action lawsuit on January 25, 2021, alleging that Defendants, who are individuals, violated RICO by conspiring to make usurious loans to Pennsylvania consumers in association with Wakpamni Lake Community Corporation ("WLCC"), a sovereign entity of the Oglala Sioux Tribe in South Dakota. WLCC is not a defendant in this case. Plaintiff alleges that he received a loan from "WLCC Lending BGL d/b/a Bison Green Lending," which is also not a defendant in this case.

On May 3, 2021, Plaintiff propounded interrogatories, to which Defendants responded on June 7, 2021. Defendants' responses included objections that Plaintiff's interrogatories improperly sought information from non-defendant WLCC. On July 3, 2021, Plaintiff filed a motion to compel further responses, arguing that certain of the Defendants "know" the requested information. (*See, e.g*, ECF No. 14 at 11 (arguing that objections are invalid because defendants "Hill and Raines know the identities of persons who helped their corporation start lending" and that "Hill or Raines probably solicited their help.") On August 4, 2021, the Court ordered Defendants to provide answers to Plaintiff's interrogatories "to the extent the information sought is within their knowledge." (ECF No. 20.) On August 18, 2021, in accordance with the Court's Order, Defendants provided revised answers to Plaintiff's interrogatories. Plaintiff met and conferred with Defense counsel regarding certain objections included in those interrogatories and Defendants withdraw certain objections (including to Interrogatory Nos. 1, 2, 3, 4, 9, 10 and 12). On September 17, 2021 Defendants served their amended interrogatory responses, which are now at issue. For several of Plaintiff's interrogatories, Defendants did not know the answers, and so responded that "the information requested is not within Defendants' personal knowledge."

On November 15, 2021, Plaintiff's counsel wrote Defendants' counsel, stating (among other things) that "I have to file another motion to compel based on your last answers to interrogatories." (Lukmire Decl. Ex. A.) On November 17, 2021, Defendant's counsel, upon hearing that Plaintiff was contemplating a discovery motion (but not knowing why) wrote Plaintiff's counsel, requesting a call to discuss "[b]efore you file any motion." (*Id.*). Plaintiff's counsel did not respond to this request to discuss the issues that he might raise in a discovery motion, and did not attempt to confer with Defendant's counsel regarding Defendants' September 17, 2021 interrogatory responses.

Plaintiff filed this motion on November 19, 2021. Plaintiff's motion included a "Certificate of Good Faith" stating that Plaintiff's counsel "attempted in good faith to resolve this discovery dispute by asking the defendants to provide the requested information[.]" However, Plaintiff's counsel *never* attempted to confer with Defendants' counsel after Defendants served their September 17, 2021 interrogatory responses.

On November 22, 2021, Defendants' counsel asked Plaintiff's counsel to withdraw his motion because he failed to comply with Rule 37's meet-and-confer requirements. (Lukmire Decl. Ex. B.) Plaintiff's counsel declined to withdraw this motion, and did not deny that he failed to confer before filing the motion. (*Id.*) Rather, Plaintiff's counsel suggested that complying with the Rule was unnecessary because "You know the information I want. You know your clients have [sic]. You know you're withholding it." (*Id.*)

### III. ARGUMENT

    **A. Plaintiff's motion should be denied because Plaintiff's counsel failed to confer before filing and falsely certified compliance to the Court.**

Federal Rule of Civil Procedure 37(a)(2)(B) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer

3

with the person or party failing to make the discovery in an effort to secure the information or material without court action." Similarly, Local Rule 26.1(f) provides: "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery . . . shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the-dispute." Failure to make good-faith, reasonable efforts warrants denial of a motion to compel. *See Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc*., 339 F.3d 180, 187 (3d Cir. 2003) (reversing sanctions order where counsel "never made a good faith effort to confer"). Nor is Rule 37 satisfied where counsel makes only a 'token effort' to resolve a discovery dispute. *See Cannon v. Cherry Hill Toyota, Inc*., 190 F.R.D. 147, 163 (D.N.J. 1999) (considering sanctions where counsel "falsely stated in his notice of motion that 'the moving party has conferred with the opposing party in order to resolve the issues raised by this Motion, but have [sic] been unsuccessful and cooperation has been withheld,' where, in reality, counsel only made a 'token effort' by sending a fax three days before filing a motion to compel, which demanded compliance by the next business day.)

Plaintiff's counsel did not comply with the Federal and Local Rules by filing this motion without *any* prior notice of the issues raised. *Not once* did Plaintiff's counsel attempt to confer with Defendants' counsel during the 60+ days that elapsed between Defendants' September 17, 2021 interrogatory responses and Plaintiff's November 19, 2021 motion to compel. Plaintiff's motion does not claim otherwise. Plaintiff's "certification" is false. Accordingly, Plaintiff's motion should be denied.

      **B.**    **Plaintiff's motion should be denied because the Court already decided the issues raised in Plaintiff's motion.**

Plaintiff's motion should be denied because the Court's August 4, 2021 decision already decided the same issues raised in Plaintiff's motion, and that decision does not need to be

revisited.  The law-of-the-case doctrine requires "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  "Under this doctrine, a court should not reopen issues decided in earlier stages of the same litigation."  *Agostini v. Felton*, 521 U.S. 203, 236 (1997).

Plaintiff's motion contends that Defendants' September 17, 2021 amended responses to Interrogatories 5, 6, 7, 8, 10, and 11 are deficient because Defendants responded that "the information requested is not within Defendants' personal knowledge."  However, the Court's August 4, 2021 Order has already resolved many of the ***same arguments*** regarding the ***same interrogatories***.  For instance, Plaintiff's July 3, 2021 motion to compel argued that information regarding Interrogatory 6 (regarding the locations for lending records) "has to be in the possession, custody, or control of [defendants] Hill and Raines since they are officers in charge of running the [alleged RICO] enterprise."  (ECF No. 14 at 9.)  Defendants' opposed Plaintiff's July 3, 2021 motion on the basis that the interrogatories were properly directed at non-party WLCC, not the individual defendants sued in this case.  On August 4, 2021, the Court directed Defendants to respond "to the extent the information sought is within their personal knowledge." In accordance with the Order, Defendants' September 17, 2021 amended responses answered all 12 interrogatories, including some to which defendants responded that "the information requested is not within Defendants' personal knowledge."

Plaintiff's current motion makes the same arguments that the Court has already resolved. For example, regarding Interrogatory 6, Plaintiff makes the unsupported argument that the information sought "is available" to Defendant and that it is "impossible" that Defendants do not know the answer—having previously argued essentially the same thing:  that the information

5

"has to be in [their] possession, custody or control." (ECF 14 at 5-6.) The Court's August 4, 2021 order resolving Plaintiff's prior motion to compel is the law of the case, Defendants have complied with the Court's Order, and Plaintiff should not be permitted to make the same arguments a second time.

### C. Plaintiff's motion should be denied because Defendants adequately responded to Plaintiff's interrogatories

In accordance with the Court's August 4, 2021 Order, Defendants responded to five of Plaintiff's interrogatories by stating that the "information requested is not within Defendants' personal knowledge." (*See* Pl.'s Mot. Ex. O at Interrogatory 5 (requesting that Defendants "[i]dentify . . . all persons with an address in Pennsylvania who have taken out a loan from a company [affiliated with] WLCC); Interrogatory 6 (requesting additional information regarding Interrogatory 5); Interrogatory 7 ("State the name of each internet lending business owned by WLCC that has made a loan to a borrower with a Pennsylvania address[.]"); Interrogatory 8 (requesting additional information regarding Interrogatory 7); Interrogatory 11 (requesting "names and addresses of all persons or entities given a license by" WLCC in connection with Pennsylvania loans). Similarly, Defendants responded to Interrogatory 10 (requesting information about "entities who have provided WLCC" with lending advice) with information within their personal knowledge, stating that "the WLCC tribal board and staff of WLCC along with numerous tribal government owned financial services businesses, inter-tribal financial services associations, and intertribal governmental regulatory bodies have provided guidance to interested tribal governments," along with other tribal executives.

"Lack of knowledge or the ability to recollect is, if true, a fair answer" to an interrogatory. *See, e.g., Annabel v. Heyns*, No. 2:12-CV-13590, 2014 WL 1207802, at *1 (E.D. Mich. Mar. 24, 2014), aff'd, No. 16-2398, 2018 WL 4870866 (6th Cir. Apr. 10, 2018). Plaintiff

cites no authority to the contrary.[1] Defendants' responses comply with the Court's August 5, 2021 Order, which specifically directed Defendants to respond "to the extent the information sought is within their knowledge." Defendants did so.

Nor is there any reason for the Court to consider the extraneous materials attached to Plaintiff's motion—which do not support Plaintiff's arguments in any event. *See Stewart v. Capital Newspapers, Inc.,* No. 09–cv–554, 2010 WL 1508289, at *3 (W.D. Wis. Apr. 14, 2010*)* ("The purpose of a motion to compel discovery is not to challenge the truthfulness of the response but rather to compel a party to answer the interrogatory. Defendant has done that, so there is nothing for the court to compel."). For instance, Plaintiff attached a seemingly random assortment of tribal court documents (Pl.'s Mot. Ex. L), but these materials concern WLCC and shed no light on the information within the knowledge of the individual defendants in this case. Plaintiff also attached what appear to be screenshots from a website called tribalreg.com (Pl.'s Mot. Ex. Q), but Plaintiff does not explain how this hearsay document has anything to do with Defendants' interrogatory responses.

### D. Plaintiff's motion should be denied because Defendants responded to Plaintiff's interrogatories, notwithstanding objections.

Plaintiff's Motion, ignoring that Defendants responded to all 12 interrogatories, argues that Defendants' objections were improper. Because none exists, Plaintiff cites no authority for this meritless argument. Defendants included objections merely to preserve them, and duly responded to each interrogatory notwithstanding those objections. Plaintiff's "objections"

---

[1] *Frontier-Kemper Constructors, Inc*. v. *Elk Run Coal Co*., 246 F.R.D. 522, 529 (S.D.W. Va. 2007) involved a response directing the other party to "large volumes of documents . . . instead of a specific response." *Cohn v. Dart Industries., Inc*., No. CIV.A. 73-2051-F, 1976 WL 44045, at *1 (D. Mass. Apr. 26, 1976) states that a party must answer "if he has the information or it is available to him" – which is not the case here.

arguments elevate form over substance, and Plaintiff identifies no prejudice suffered because of Defendants' objections.  *See Noffsinger v. United States,* No. 5:09-CV-38, 2011 WL 635877, at *3 (W.D. Ky. Feb. 11, 2011) ([D]espite its objections, Defendant still answered all four requests for admission in good faith.  The Court finds that this is sufficient.) (denying motion to compel).

### E. Sanctions are unwarranted.

Plaintiff, apparently unaware of the hypocrisy involved in seeking sanctions in a sanctionable discovery motion—and citing no authority—claims that Defendants' interrogatory responses "merit[] sanctions" because "Defendants have not acted in good faith."  There is no basis for sanctions.  Sanctions under Rule 37(b) require violation of a court order, but as discussed above, Defendants complied with the Court's August 4, 2021 order.  Sanctions under Rule 11 are also unavailable.  Plaintiff failed to file a Rule 11 Motion separately as required by the Rule, and Plaintiff failed to comply with Rule 11's 21-day safe-harbor provision.  *See* Fed. R. Civ. P. 11(c).

## IV. CONCLUSION

For the reasons explained above, Plaintiff's motion to compel should be denied.


Dated: December 3, 2021

                        Respectfully submitted,

                        *s/ Nicholas M. Centrella*

                        **CONRAD O'BRIEN PC**
                        Nicholas M. Centrella (#024421992)
                        1500 Market Street, Centre Square
                        West Tower, Suite 3900
                        Philadelphia, PA 19102-2100
                        Phone: (215) 864-9600
                        ncentrella@conradobrien.com

                        *Attorneys for Defendants*