UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM C. MILLER** for himself and others similarly situated,<br><br>        Plaintiff,<br><br>        v.,<br><br>GENEVA LONE HILL; BRET A. CRANDALL III; RAYCEN RAINES, III; JOHN DOE #1; and JOHN DOE #2,<br><br>        Defendants. | No. 21-00338 |

**Memorandum of Law in Support of
Plaintiff's Motion to Serve Third Set of Interrogatories**

Plaintiff seeks permission to serve 16 additional interrogatories on the defendants in this case. Plaintiff has already served 25 interrogatories on the defendants, so plaintiff needs the court's authority to serve more. The 16 additional interrogatories are contained in a third set of interrogatories attached to this motion as Exhibit "R." Since the defendants deny having knowledge of the operation of their tribal lending businesses, the point of the third set of interrogatories is to have the defendants answer questions about the extent of their knowledge and then disclose the identities of people who are likely to have greater knowledge.

Defendants Hill and Raines manage the Wakpamni Lake Community Corporation ("WLCC"), which was set up by the Wakpamni Lake Community to operate businesses for the benefit of an Indian tribe. Hill and Raines acknowledge

1

that WLCC is engaged in online lending. Exhibit "P." They also acknowledge that WLCC has online lending partners and investors. *Id.* at 9, 14 & 16. Plaintiff sent the defendants an initial set of interrogatories and a second set of interrogatories, but the defendants responded to these interrogatories mostly by denying knowledge of the most pertinent information plaintiff is seeking.[1]

Plaintiff's proposed third set of interrogatories is meant to address the defendants' alleged lack of knowledge. The first six interrogatories ask the defendants to state the scope of their knowledge and authority over the lending businesses operated by WLCC. The remaining ten interrogatories mostly ask the defendants to disclose the identities of people who should know more about the lending businesses than they do. Ms. Hill and Mr. Raines admit that WLCC has online lending partners and investors (Exhibit "P" at 9, 14 & 16), so they should be able to identify who these parties are. Hill and Raines should be able to identify the business entities as well as the individuals associated with them. They should know the individuals who signed contracts with WLCC on behalf of their online lending partners and investors. Hill and Raines should know the persons who send WLCC money on account of their online lending businesses. The online lending partners are probably not going to have tribal immunity and are probably the parties actually supplying the capital and facilities for WLCC's lending businesses. Plaintiff needs to find out who these parties are so they can be joined as defendants, and these parties

---

[1] Exhibit "P" was also submitted with plaintiff's second motion to compel discovery.

will have the lending information necessary to establish the existence of a class, if there is one.

For these reasons, plaintiff requests permission to serve plaintiff's proposed third set of interrogatories on the defendants together with any other relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com